MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN SALVATORE,

       Plaintiff,                             CASE NO.: 8:15-cv-1390-T-24AEP

vs.

NATIONSTAR MORTGAGE, LLC,

       Defendant.
_____/

**ORDER**

This Cause comes before the Court on Defendant Nationstar Mortgage, LLC's Motion to Dismiss and Memorandum in Support (Dkt. 10, 11), to which Plaintiff has filed a Response in Opposition (Dkt. 16). For the reasons stated herein, the Court grants Defendant's Motion to Dismiss.

    **I.**     **BACKGROUND**

In 2007, Plaintiff purchased real property located in Manatee County, Florida. Dkt. 1, ¶ 7. In connection with the sale, Plaintiff executed a note and mortgage for the purchase of the property. Aurora Loan Services, LLC became the servicer of the mortgage loan. *Id.*, ¶ 8. Plaintiff filed a complaint against Aurora in the Eastern District of Pennsylvania (the "Pennsylvania Action") for violations of the Fair Debt Collection Practices Act (FDCPA). *Id.*, ¶ 10. On August 5, 2009, Plaintiff and Aurora entered into a global settlement agreement in order to resolve the litigation in the Pennsylvania Action. *Id.*, ¶ 11. According to the terms of the settlement agreement, Plaintiff would consent to a foreclosure on the Manatee County property and Aurora "forever released and discharged Plaintiff from all claims and liabilities, with the exception of the action to foreclose its

Mortgage on [Plaintiff's] Property in Manatee County, Florida." *Id.*, ¶¶ 12, 14. Defendant Nationstar Mortgage, LLC acquired the mortgage, loan and other assets from Aurora in 2012, is the successor in interest to the settlement agreement, and is bound by the terms of the settlement agreement. *Id.*, ¶ 13.

Pursuant to the settlement agreement, Plaintiff tendered possession of the property to Aurora on September 4, 2009 and did not oppose the foreclosure of the property. *Id.*, ¶ 15. Aurora had an obligation to notify major credit reporting agencies to which it had furnished information about the loan that the loan was previously in dispute but had been settled. *Id.*, ¶ 17. Aurora was also required to request those credit reporting agencies remove the reference to the foreclosure from Plaintiff's credit. *Id.* Plaintiff contends that a material term of the settlement agreement was that Aurora would take steps to rectify Plaintiff's credit, which Aurora complied with following the execution of the settlement agreement. *Id.*, ¶ 18. However, upon acquiring the note and mortgage from Aurora in 2012, Defendant reported the loan as outstanding to at least one credit reporting agency. *Id.*, ¶ 19. Defendant also did not request that the reference to the foreclosure proceeding be removed from Plaintiff's credit report. *Id.*, ¶ 20. Instead, the reference to the foreclosure proceeding remained on Plaintiff's credit report until at least November 2014. *Id.* Plaintiff also asserts that beginning in 2013, Plaintiff continuously notified Defendant in writing that Plaintiff "disputed the amount alleged and reported to the credit bureaus as due and unpaid, and demanded that Defendant notify the credit reporting agencies of such error, and to otherwise comply with the terms of the settlement agreement." *Id.*, ¶ 24.

Defendant has continually contacted Plaintiff in an attempt to collect on the alleged debt owed by Plaintiff. *Id.*, ¶ 25. Plaintiff has advised Defendant of the terms of the settlement agreement and provided a copy of the same to Defendant. Despite the terms of the settlement

agreement, the foreclosure action was reported to various credit reporting agencies through at least 2014 and the loan continues to be reported. *Id.*, ¶ 29. Defendant has provided "patently false, inaccurate, misleading and derogatory information to credit reporting agencies" which Plaintiff contends have negatively impacted and irreparably damaged his credit rating and credit history. *Id.*, ¶¶ 37, 38.

On June 12, 2015, Plaintiff filed a three count complaint against Defendant. Count One alleges that Defendant breached and continues to breach the settlement agreement despite notice and opportunities to cure. Count Two alleges that Defendant willfully and recklessly (or, in the alternative, negligently) violated section 1681s-2(b) of the Fair Credit Reporting Act ("FCRA") by failing to conduct a reasonable investigation into Plaintiff's dispute of the alleged debt and despite Plaintiff's demand that Defendant correct its reports to credit agencies. Count Three alleges that Defendant violated section 559.55(9) of the Florida Consumer Collection Practices Act ("FCCPA") by attempting to collect a debt that was not owed and which it knew it had no right to collect. Also in violation of section 559.72, Plaintiff alleges that Defendant communicated to a credit reporting agency that Plaintiff owes a debt to Defendant while knowing that such debt was not legitimate. With respect to Count Three, Plaintiff claims that he is entitled to "statutory damages not to exceed $1,000.00, actual damages and other relief."

Defendant moves to dismiss Count Two of the complaint and contends that it fails as a matter of law because Plaintiff fails to allege any facts indicating that Defendant received notice of Plaintiff's credit dispute from a credit reporting agency. Defendant also moves to dismiss Count Three to the extent Plaintiff seeks statutory damages of $1,000 per violation of the FCCPA.

## II. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to make "a short and plain

statement of the claim showing that the pleader is entitled to relief." A plaintiff must make sufficient factual allegations "to a state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). Plausibility requires that the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the Residence Inn is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "The complaint need not include detailed factual allegations, but it must set forth more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) (internal quotation marks and citation omitted).

The Eleventh Circuit suggests that district courts undertake a two-step approach in evaluating a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (citation omitted). Accordingly, all "legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010).

    **III.    ANALYSIS**

        **A.    Count Two: Plaintiff's FCRA Claim**

The FCRA imposes two separate duties on furnishers, like Defendant here. *Green v. RBS Nat'l Bank*, 288 Fed. App'x 641, 642 (11th Cir.2008). First, they must provide accurate information to the consumer reporting agencies. 15 U.S.C. § 1681s–2(a). Second, upon notice of a dispute from a consumer reporting agency, they must investigate the accuracy of the information questioned. 15 U.S.C. § 1681s–2(b).

The FCRA provides a private right of action under § 1681s–2(b), which "requires furnishers to investigate and respond promptly to notices of consumer disputes." *Arianas v. LVNV Funding LLC*, 54 F. Supp. 3d 1308, 1311 (M.D. Fla. 2014) (quoting *Green v. RBS Nat. Bank,* 288 F. App'x 641, 642 (11th Cir. 2008)). In order to assert this private right of action, the furnisher of information to the credit reporting agencies—like Defendant here—must receive notice of the consumer's dispute ***from a consumer reporting agency***. *Id.* In this case, Plaintiff alleges that he filed disputes with Defendant directly, but not with the credit reporting agencies. Because Plaintiff fails to allege that Defendant received notice of a dispute from a consumer reporting agency, as required by § 1681s–2(b), his claim fails as a matter of law.

This case is on point with *Arianas* in which this Court dismissed the plaintiff's claim as a matter of law. In that case, the plaintiff alleged that he filed disputes with credit reporting agencies and the defendant bank after learning that the defendant had furnished negative reports regarding plaintiff's accounts to consumer credit reporting agencies. *Arianas*, 54 F. Supp. 3d at 1309. Plaintiff argued that § 1681s–2(b) only requires that disputes be reported directly from the consumer. This Court disagreed and found that § 1681s–2(b) expressly requires notice of a consumer dispute from a credit reporting agency to a furnisher, such as the defendant in *Arianas*. In the instant case, because Plaintiff fails to allege that Defendant received notice of the dispute from a credit reporting agency, Plaintiff's claims under § 1681s–2(b) must be dismissed.

In Plaintiff's response to the motion to dismiss, he seeks leave to amend the complaint if the Court finds that Count Two is not well pled. The Court will permit Plaintiff to amend his FCRA claim if he can assert that Defendant received notice of Plaintiff's dispute from a credit reporting agency.

### B.     Count Three: FCCPA Statutory Damages

In Count Three of the Complaint, Plaintiff asserts that Defendant violated the FCCPA and that Plaintiff is therefore "entitled to statuary damages not to exceed $1,000, actual damages and other relief." Dkt. 1, ¶ 66. In Plaintiff's prayer for relief, he seeks "statutory damages of $1,000 for each violation of the FCCPA." *Id.* at 11. Defendant contends that Plaintiff improperly seeks $1,000 per violation of the FCCPA, rather than the permissible $1,000 per action pursuant to section 559.77(2), Florida Statues.[1] Defendant is correct that "U.S. District Courts in Florida have either expressly stated that the FCCPA limits statutory damages to $1,000 per action or awarded plaintiffs no more than $1,000 per action, even where a series of FCCPA violations exist." *Arianas*, 54 F.Supp.3d at 1310 (collecting cases). Defendant asks the Court to dismiss Count Three to the extent that Plaintiff seeks $1,000 per violation of the FCCPA and limit the statutory award to $1,000.

Plaintiff responds by pointing to the assertion in his Complaint that he is "entitled to statuary damages not to exceed $1,000." Plaintiff contends that "if there is only one violation of the FCCPA, as Plaintiff has alleged in his complaint," then Defendant's request for a reduction in statutory damages is moot. However, Plaintiff's Complaint contains allegations that may be construed to allege more than one violation of the FCCPA. For example, Plaintiff asserts that defendant has continually contacted Plaintiff in attempts to collect on the alleged debt, including by sending monthly loan statements and demanding payment on at least November 1, 2012, March 19, 2013, and April 20, 2015. Dkt. 1, ¶ 25.

In the event Plaintiff alleges and proves more than one violation of the FCCPA, Plaintiff is limited to a total statutory award of $1,000 in this action for violations of the FCCPA pursuant

---

[1] § 559.77(2), Fla. Stat., provides that "Any person who [commits a violation of the FCCPA] is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000…."

6

to section 559.77(2), Florida Statues. The Court grants Defendant's motion to dismiss to the extent that Plaintiff shall be limited to statutory damages not to exceed $1,000 in this action for any and all violations of the FCCPA.

## IV. **CONCLUSION**

Based on the foregoing, the Court GRANTS Defendant's Motion to Dismiss. With respect to Count Two for violation of the FCRA, if Plaintiff is able to allege that Defendant received notice of Plaintiff's dispute from a credit reporting agency, then Plaintiff may file an amended complaint as to Count Two on or before October 27, 2015.

DONE AND ORDERED at Tampa, Florida, this 13th day of October, 2015.

SUSAN C. BUCKLEW
United States District Judge

**Copies furnished to:**
Counsel of Record